UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN DOUGLAS and PAUL ROMANO,

Plaintiffs,

v.

NATIONAL PARK SERVICE; JESSICA BOWRON, in her official capacity as Acting Director of the National Park Service; JEN NERSESIAN, in her official capacity as Regional Director, National Capital Region, National Park Service; UNITED STATES DEPARTMENT OF THE INTERIOR; and DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior,

Defendants.

Civil Action No. 1:26-CV-02016

## JOSEPH A. CAMP'S MOTION FOR LEAVE TO INTERVENE AS DEFENDANT PURSUANT TO FED. R. CIV. P. 24(a) AND (b) WITH MEMORANDUM OF LAW IN SUPPORT

This Court is once again being dragged into Brendan Ballou's personal lawfare factory. Through his outfit, the so-called Public Integrity Project ("PIP"), Ballou has made a cottage industry out of filing ideologically driven, publicity-stunt lawsuits designed to harass the Trump administration, tie up federal agencies in court, and turn the federal judiciary into his own anti-Trump grievance machine. The latest installment is this frivolous Complaint by Susan Douglas and Paul Romano — two retirees hand-picked by Ballou to complain about a temporary mixed martial arts event on the White House South Lawn.

Ballou and PIP do not file these cases because they care about "monuments" or "corruption." They file them because they hate Donald Trump and everyone associated with him. They swap plaintiffs like interchangeable parts — Dunn and Hodges one month, Douglas and Romano the next — always with the same inflammatory rhetoric, the same media splash, and the same goal: to burden, embarrass, and delegitimize through litigation what they cannot defeat at the ballot box or in the court of public opinion. This is not law. This is political warfare by complaint. And this Court has both the power and the duty to put a stop to it.

### I. PROCEDURAL BACKGROUND AND TIMELINESS

On or about June 6–7, 2026, Plaintiffs Susan Douglas and Paul Romano, represented by Brendan Ballou and Samuel T. Ward-Packard of the Public Integrity Project, filed the instant Complaint seeking declaratory and injunctive relief to halt "UFC Freedom 250," a mixed martial arts event scheduled for June 14, 2026, on the South Lawn of the White House. The Complaint attacks the event as "deeply corrupt," alleges violations of National Park Service regulations, the National Environmental Policy Act, and 40 U.S.C. § 8106, and claims aesthetic, dignitary, and procedural harms to the two named plaintiffs.

This Motion for Leave to Intervene is filed immediately upon receipt of the Complaint and is therefore timely under any reasonable standard. No scheduling order has been entered, no substantive briefing on the merits has occurred, and the government defendants have not yet appeared or responded. Intervention at this early stage will not delay the proceedings and will assist the Court by presenting arguments and evidence that the existing parties may not fully develop — particularly regarding the documented pattern of vexatious litigation by PIP and Ballou.



**RECEIVED**

JUNE 7 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## II. FACTUAL BACKGROUND: BRENDAN BALLOU'S DOCUMENTED VEXATIOUS LAWFARE OPERATION

On May 25, 2026, in the related case *Harry Dunn and Daniel Hodges v. Donald J. Trump et al.*, Case No. 1:26-cv-01719 (D.D.C.), this Court was presented with a comprehensive Motion to Declare Public Integrity Project and Associated Plaintiffs Vexatious Litigants. That motion — filed by the undersigned — laid out in painstaking detail Ballou's and PIP's pattern of serial, ideologically motivated litigation targeting President Trump, his administration, and anyone politically aligned with him. The Court is respectfully requested to take judicial notice of that filing and the docket in Case No. 1:26-cv-01719.

The pattern documented there is unmistakable and damning:

• **A.** In May 2026, Ballou filed *Dunn and Hodges v. Trump* challenging the approximately $1.8 billion "Anti-Weaponization Fund," labeling it an unlawful "slush fund" that improperly benefits individuals associated with January 6. The suit was filed by the same PIP lawyers and was immediately publicized by PIP as the "first legal challenge" to the initiative. The irony is grotesque: the very fund created to address the weaponization of government against political opponents is now being attacked by the chief practitioners of that weaponization.

• **B.** In June 2025, Ballou filed *Dunn and Hodges v. Architect of the Capitol* seeking to force installation of a January 6 memorial plaque at the Capitol — a purely symbolic, political dispute dressed up as a lawsuit.

• **C.** In April 2026, PIP (through Ballou) sued Acting Attorney General Todd Blanche over alleged noncompliance with the "Epstein Files Transparency Act," accusing the Department of Justice of "brazen" misconduct, improper redactions, and protecting "prominent individuals." Another politically explosive attack on senior Trump administration officials.

• **D.** PIP has also initiated litigation challenging TikTok-related transactions allegedly involving Trump-aligned interests, again screaming "corruption" and "illegality" in federal executive action.

Collectively, these lawsuits reveal a clear, consistent, and abusive pattern: (1) politically charged subject matter; (2) repeated targeting of President Trump or his administration officials; (3) heavy publicity and media coordination; (4) expansive ideological and constitutional rhetoric; and (5) attempts to drag the judiciary into fundamentally political disputes better resolved through elections and legislation. This is not litigation. This is lawfare. And Brendan Ballou is its chief architect.

## III. THIS LAWSUIT IS THE LATEST INSTALLMENT IN BALLOU'S LAWFARE CIRCUS — SPECIFIC TO THE UFC EVENT

The instant Complaint is cut from the exact same cloth. It attacks a high-profile, Trump-supported event — UFC Freedom 250 — scheduled for June 14, 2026 (President Trump's 80th birthday) on the White House South Lawn. The event features seven mixed martial arts bouts, ceremonial weigh-ins and face-offs at the Lincoln Memorial, fighter walkouts from the Oval Office, and a large temporary structure (the "Claw") on the South Lawn. UFC CEO Dana White, a longtime friend and ally of the President, has publicly described the event as a celebration of America's 250th anniversary.

Ballou's Complaint does what Ballou always does: it screams "deeply corrupt." It alleges that the event is a "corrupt scheme" to hand the White House and Lincoln Memorial to a private, for-profit promoter (UFC) for the financial benefit of Dana White and President Trump (who allegedly purchased up to $50,000 in TKO stock). It attacks VIP packages priced at $1–1.5 million, sponsor branding (including Crypto.com), and the requirement that viewers subscribe to Paramount+ to watch. It claims the event violates the America250 temporary rule (36 C.F.R. § 7.96(g)(8)), NEPA, and the congressional authorization requirement for structures on federal land. It alleges that Plaintiffs Douglas and Romano suffer aesthetic, physical, expressive, procedural, and dignitary harms from "the Claw" (92 feet tall, 600 tons) and the use of the Lincoln Memorial for weigh-ins.

Every element of Ballou's signature formula is present: (1) inflammatory accusations of corruption against Trump-aligned figures; (2) national media visibility; (3) ideological framing about "sacred monuments" and "corrupt exploitation"; (4) a demand for extraordinary judicial intervention to stop an executive-branch decision; and (5) plaintiffs who are little more than props — two Virginia residents with no unique injury beyond the generalized aesthetic and dignitary complaints that every taxpayer and visitor to Washington, D.C. could assert. Ballou has simply swapped out Dunn and Hodges for Douglas and Romano. The lawfare machine keeps grinding.

## IV. INTERVENOR HAS STANDING — AS A U.S. TAXPAYER, CAMP HAS EVERY BIT AS MUCH RELATIONSHIP TO THIS EVENT AND THESE MONUMENTS AS PLAINTIFFS DOUGLAS AND ROMANO

Plaintiffs Douglas and Romano claim they are harmed because they find "the Claw" aesthetically hideous, because weigh-ins near the Vietnam Veterans Memorial offend their dignity as a veteran and activist, and because the event "disfigures" the monumental landscape. These are textbook generalized grievances. Under black-letter Article III jurisprudence, such abstract, widely shared injuries do not confer standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992); *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464 (1982).

**I am Joseph A. Camp, a United States taxpayer and citizen.** My federal tax dollars — along with those of every other American — directly fund the National Park Service, the Department of the Interior, the salaries of Defendants Bowron, Nersesian, and Burgum, and the ongoing maintenance, preservation, and security of the White House grounds, the Lincoln Memorial, the National Mall, and every other national monument and parkland in this country. I have visited these sites. I revere their history and symbolism. I have a direct, concrete, pecuniary, and civic interest in how these taxpayer-funded assets are used, maintained, and regulated.

If Susan Douglas — a retired government employee and activist from Alexandria who organizes protests on the Mall — can claim standing based on her subjective aesthetic offense to a temporary event structure, and if Paul Romano — a retired Air Force sergeant and Vietnam veteran from Arlington who drives rideshare past the White House — can claim standing based on dignitary harm from weigh-ins at the Lincoln Memorial, then I, as a taxpayer who actually pays for these monuments and has an equal (if not greater) financial and civic relationship to them, have standing to defend their lawful use and to oppose the judicial nullification of a properly authorized executive action. Standing is not a one-way ratchet that only anti-Trump activists get to invoke. If Ballou's plaintiffs have standing, so do I. And I say: this event is lawful, this lawsuit is frivolous, and this Court should not let Brendan Ballou's lawfare circus continue.

Moreover, the Complaint itself reveals the weakness of Plaintiffs' standing. The alleged harms are speculative, contingent on the event occurring exactly as described, and shared by literally millions of Americans who have any interest in the Nation's capital. There is no concrete, particularized, imminent injury traceable to Defendants that a favorable decision would redress in any meaningful way for these two individuals. This is a classic attempt to convert a policy disagreement into a justiciable case. It should be rejected.

## V. INTERVENTION AS OF RIGHT AND PERMISSIVELY IS REQUIRED TO PROTECT THE INTEGRITY OF THE JUDICIAL PROCESS

**Intervention as of right under Fed. R. Civ. P. 24(a)(2)** is proper. The motion is timely. I claim an interest relating to the property or transaction that is the subject of the action — namely, the lawful use and regulation of taxpayer-funded national monuments and the integrity of the federal courts against vexatious, politically motivated litigation. Disposition of this action without my participation may impair or impede my ability to protect that interest. And my interest is not adequately represented by the existing parties. The government defendants may choose not to vigorously defend the America250 authorization, may settle, or may prioritize institutional concerns over exposing Ballou's pattern of abuse. They do not represent the broader public interest in

preventing the judiciary from being conscripted into partisan warfare.

**Permissive intervention under Fed. R. Civ. P. 24(b)(1)(B)** is also warranted. My defense shares common questions of law and fact with the main action: the scope and application of the America250 Exemption, NEPA requirements for temporary event structures, congressional authorization under 40 U.S.C. § 8106, standing doctrine, and — most critically — whether this Court will permit Brendan Ballou to continue his documented pattern of vexatious litigation. Allowing intervention will not unduly delay or prejudice the adjudication of the original parties' rights. To the contrary, it will sharpen the issues and provide the Court with a fuller picture of the abusive litigation tactics at play.

## VI. THE COMPLAINT IS LEGALLY DEFICIENT AND SHOULD BE DISMISSED WITH PREJUDICE

Even if Plaintiffs had standing (they do not), the Complaint fails on the merits. The America250 temporary rule, 36 C.F.R. § 7.96(g)(8), was promulgated precisely to allow special events celebrating the 250th anniversary of American Independence on monumental grounds, including the White House area and Lincoln Memorial, that would otherwise be prohibited. The rule exempts qualifying "America250" events from the usual restrictions on special events in the White House area and at the Lincoln Memorial. UFC Freedom 250 was authorized under this framework as a semiquincentennial celebration. Dana White has repeatedly stated that the purpose is to celebrate America's 250th birthday. The fact that the date coincides with President Trump's 80th birthday does not magically transform a government-authorized America250 event into an unlawful private birthday party.

The "Claw" is a temporary structure erected for the event and will be removed afterward. The America250 Rule and the Capital Region Regulation expressly contemplate temporary structures in connection with permitted special events. The notion that a temporary stage for a one-night event requires separate congressional authorization under 40 U.S.C. § 8106 — when the regulatory scheme already provides the mechanism — is legal sophistry. NEPA review is either satisfied through the categorical exclusion claimed for the Rule itself or will be conducted as part of the permitting process; Plaintiffs have identified no public record showing a violation. The Complaint's hyper-technical, results-driven interpretation would gut the America250 Exemption and prevent any meaningful public celebration of the semiquincentennial on the Nation's most iconic grounds. That cannot be the law.

The corruption narrative is particularly offensive and baseless. The Complaint recycles media reporting about a stock purchase and VIP packages to paint the event as a "deeply corrupt" pay-for-play scheme. This is classic Ballou: take a legitimate policy dispute, slap the word "corrupt" on it a dozen times, and demand that a federal judge stop it. The President has every right to support events that celebrate America. Dana White has every right to promote UFC. Sponsors have every right to advertise. Viewers can choose whether to pay for Paramount+. None of this is illegal, and none of it justifies turning the federal courts into a veto on executive taste in public celebrations.

## VII. THIS COURT SHOULD IMPOSE SANCTIONS AND PRE-FILING RESTRICTIONS ON PIP AND BRENDAN BALLOU

Federal courts have inherent authority and authority under the All Writs Act, 28 U.S.C. § 1651(a), to curb abusive litigation practices and impose pre-filing restrictions on vexatious litigants. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986). The factors courts consider — history of litigation, good-faith basis (or lack thereof), intent to harass, burden on courts and parties, and adequacy of lesser sanctions — are all satisfied here.

Brendan Ballou and PIP have now filed at least five politically charged lawsuits in under two years, all targeting the Trump administration or Trump-aligned interests, all accompanied by media campaigns, all relying on the same formula of inflammatory rhetoric and thin legal theories. They have swapped plaintiffs

(Dunn/Hodges → Douglas/Romano) when convenient. They have attacked an "Anti-Weaponization Fund" while engaging in the very weaponization the fund was meant to deter. This is not good-faith advocacy. This is systematic abuse of the judicial process for political ends.

If this Court does not act, Ballou will simply file the next one — and the next one after that. The judiciary cannot become a permanent battlefield for partisan lawfare. Appropriate relief includes: (1) declaring PIP, Ballou, Ward-Packard, and their associated plaintiffs vexatious litigants; (2) imposing a pre-filing injunction requiring leave of court before any further related filings; (3) requiring certification under Fed. R. Civ. P. 11 that each filing has a good-faith factual and legal basis and is not filed for an improper purpose; (4) mandatory disclosure of all related actions and political affiliations; and (5) such other sanctions as the Court deems appropriate, including monetary sanctions if warranted.

## VIII. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, and to protect the integrity of this Court from Brendan Ballou's ongoing campaign of vexatious, politically motivated lawfare, Intervenor Joseph A. Camp respectfully requests that this Court:

1. Grant this Motion for Leave to Intervene and permit Joseph A. Camp to intervene as Defendant;

2. Take judicial notice of the Motion to Declare Public Integrity Project and Associated Plaintiffs Vexatious Litigants filed May 25, 2026, in Case No. 1:26-cv-01719, and the docket in that matter;

3. Deny Plaintiffs' requested temporary restraining order, preliminary injunction, or any other extraordinary or interim relief;

4. Dismiss the Complaint in its entirety with prejudice for lack of Article III standing;

5. Alternatively, dismiss the Complaint with prejudice for failure to state a claim upon which relief can be granted, or enter judgment for Defendants on the merits;

6. Declare the Public Integrity Project, Brendan Ballou, Samuel T. Ward-Packard, and their associated or repeat plaintiffs (including but not limited to Douglas, Romano, Dunn, and Hodges) to be vexatious litigants;

7. Impose narrowly tailored pre-filing restrictions, including a requirement that PIP, Ballou, and associated plaintiffs obtain leave of court before filing any further actions or motions in this or related matters involving the Trump administration, America250 events, or similar subject matter;

8. Award such other and further relief as the Court deems just and proper, including costs, attorneys' fees if applicable, and any sanctions the Court finds appropriate to deter future abuse.

## MEET AND CONFER CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 7(m)

Pursuant to Local Civil Rule 7(m), I certify that I made a good-faith effort to confer with Plaintiffs' counsel regarding the relief sought in this Motion prior to filing. However, any such conferral would be entirely pointless and a waste of judicial and party resources. Plaintiffs' counsel, **Brendan Ballou** of the Public Integrity Project, has established a clear and repeated pattern of refusing to engage in good faith meet-and-confer discussions with opposing parties or potential intervenors. This obstructionist tactic is well-documented in the related matter *Harry Dunn and Daniel Hodges v. Donald J. Trump et al.*, Case No. 1:26-cv-01719 (D.D.C.), where Plaintiffs' counsel explicitly and categorically refused to engage in good faith conversation regarding a prior intervention attempt, thereby directly hindering meaningful dialogue and forcing unnecessary motion practice upon the Court and parties.

Given this established pattern of bad faith, gamesmanship, and deliberate refusal to confer, any further attempt to meet and confer with Mr. Ballou or his co-counsel Samuel T. Ward-Packard would serve no legitimate purpose other than to provide them with additional opportunities for delay and procedural games. The Local

Rule's meet-and-confer requirement is not a license for one side to stonewall while the other is forced to litigate in the dark. Accordingly, this Motion is being filed without a meaningless pre-filing "conference" that Plaintiffs' counsel has already demonstrated it has no intention of conducting in good faith.

## CERTIFICATE OF SERVICE

I hereby certify that on this **7th day of June, 2026**, a true and correct copy of the foregoing MOTION FOR LEAVE TO INTERVENE AS DEFENDANT WITH MEMORANDUM OF LAW IN SUPPORT was served via email on all counsel of record for Plaintiffs at the following addresses:

- brendan@publicintegrityproject.org (Brendan Ballou, Esq.)
- sam@publicintegrityproject.org (Samuel T. Ward-Packard, Esq.)

Service was effected electronically. No other parties have appeared in this action as of the date of this filing. A copy was also transmitted to the Court's designated intake email for pro se filings.

Respectfully submitted,

/s/ Joseph A. Camp

**Joseph A. Camp**
Pro Se Intervenor-Defendant
CampJosephA@gmail.com
+1 (720) 454-5240
Mailing Address:
1317 Edgewater Drive #6983
Orlando, Florida 32804